*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID J. SZYMANSKI,

      Plaintiff-Appellant,

UNPUBLISHED
April 25, 2024

v

COUNTY OF WAYNE and WARREN EVANS,

      Defendants-Appellees.

No. 366882
Wayne Circuit Court
LC No. 21-017542-AW

Before: CAVANAGH, P.J., and JANSEN and MALDONADO, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order denying plaintiff summary disposition under MCR 2.116(C)(10) and granting summary disposition in favor of defendants, County of Wayne and Warren Evans, Chief Executive Officer of Wayne County, under MCR 2.116(I)(2), in this dispute regarding retiree benefits. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff was elected to the Wayne County Probate Court in 1990; he began his term on January 1, 1991. In 1993, the County adopted the "Amann Resolutions," entitling county employees who retire from specific positions serving the County for eight or more years to postemployment healthcare. Wayne County Resolution 93-742 stated:

> 2. If a person is separated from the County after January 1, 1994, with at least a total of eight years of county service, who at the time of separation is serving as an elected executive officer of the County, . . . or as an appointed department head or deputy department head, . . . that person shall upon attaining age 45, be entitled to the same insurance and health care benefits for himself or herself, his or her spouse and dependents, as a retiree from the Defined Benefit Plan 1.

Resolution 93-742 was amended by Wayne County Resolution 94-903 in 1994, maintaining the eight-year county-service requirement.

-1-

In December 2010, plaintiff retired as a probate court judge and accepted the position of Wayne County Chief Deputy treasurer because he was told by Tim Wilson, Wayne County Director of Human Resources (HR), that his years as a probate court judge would count toward the eight-year county-service requirement for Amann eligibility if he was appointed to a qualifying position. The Amann Resolution was again amended in 2011, ending benefits for qualifying employees who began their service after October 1, 2011, citing a budget crisis in Wayne County. Wayne County Resolution 2011-512. Taylor confirmed that plaintiff and his dependents would receive healthcare whenever he retired in a January 25, 2011 e-mail.

During the summer of 2015, a meeting was held at the Treasurer's office with Ken Wilson, another County HR employee. Plaintiff asserted that Wilson said that employees retiring in September 2015 would be entitled to benefits, and he could not speak to those entitled to Amann benefits, but opined it would be the same as employees subject to a collective-bargaining agreement (CBA). Plaintiff allegedly asked Wilson if he retired in September 2015 would his benefits vest, but if he stayed through October he would lose them, and Wilson said that was the likely outcome.[1] Plaintiff tried to contact the HR department for further clarification through the end of the summer, but got no response. When he requested retirement information, he was given a calculation sheet dated August 22, 2015, indicating he had 25 years and eight months eligible time for "Benefit Service," "Eligibility Service," and "Vesting Service," and was eligible for life and health insurance benefits. Thus, plaintiff retired in September 2015.

Plaintiff asserts he received Amann healthcare benefits from the date of his retirement through December 2015, as he was notified in November 2015 that his benefits would be terminating January 1, 2016. In February 2018, plaintiff contacted the County HR department inquiring about his benefits as he was contemplating leaving his current job with the Detroit Land Bank. Zenna Elhasan, Wayne County Corporate Counsel, responded on March 12, 2018, clarifying that when plaintiff retired as Chief Deputy Treasurer he was given a stipend for healthcare under the Executive Benefit Plan, and now that he was leaving his other employment he wanted to resume receiving the stipend. Elhasan made clear that plaintiff was not eligible for Amann now, nor was he when he retired in 2015, because he did not meet the years-of-service requirement. Amann benefits were reinstated in June 2018 to some employees other than plaintiff.

Thus, plaintiff filed suit in December 2021, seeking a writ of mandamus and costs and fees, and making claims for promissory estoppel and breach of contract. After defendants answered the complaint denying liability, plaintiff moved for summary disposition of his promissory estoppel claim only under MCR 2.116(C)(D). He argued that he was promised healthcare in retirement by

---

[1] Plaintiff e-mailed Wilson in July 2015 to confirm this promise, to which Wilson responded, "I can only speak for those retiring under [CBAs] and cannot speak whatsoever for those potentially receiving retiree health care from other sources such as the Executive or Legislative Benefit Plans or under the Amann Resolution." In December 2015, Wilson was directed by HR to respond to an e-mail written by plaintiff indicating Wilson said plaintiff was eligible for Amann if he retired before September 30, 2015. Wilson said, "this is not the case," and that plaintiff's previous e-mail acknowledged Wilson was only referring to union employees, quoting the above statement from his first e-mail.

County representatives, he reasonably relied on those promises in making career choices, and was ultimately denied the benefits, so the elements of promissory estoppel were met and he was entitled to summary disposition. Defendants responded and moved for judgment as a matter of law under MCR 2.116(I)(2), asserting that plaintiff failed to qualify for the Amann benefits because he did not meet the eight-year county-service requirement. He only served approximately five years in the treasurer position plus a period of employment in the 1970s, and his tenure as probate court judge did not count because probate court judges are state employees, not county employees.

The trial court agreed with defendants, and concluded that plaintiff lacked the requisite years of service for Amann benefits because the service earned as a probate court judge did not apply because it was state employment. The court denied plaintiff summary disposition, and granted defendants summary disposition. Plaintiff now appeals.

## II. STANDARDS OF REVIEW

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020). Plaintiff moved for summary disposition of his promissory estoppel claim under MCR 2.116(C)(10). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) when the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Id*. (quotation marks and citation omitted).

> If the moving party properly supports his or her motion, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. Our review is limited to the evidence that had been presented to the circuit court at the time the motion was decided. [*In re Guardianship of Malloy*, 343 Mich App 548, 558-559; 997 NW2d 733 (2022) (quotation marks and citations omitted).]

In their response to plaintiff's motion, defendants asserted they were entitled to summary disposition under MCR 2.116(I)(2). "If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party." MCR 2.116(I)(2). This case also includes questions of statutory interpretation, construction, and application, which are also reviewed de novo. *Johnson v Johnson*, 329 Mich App 110, 118; 940 NW2d 807 (2019).

## III. PROMISSORY ESTOPPEL

The trial court properly denied plaintiff summary disposition and properly granted defendants summary disposition because there is no genuine issue of material fact that plaintiff did not meet the requirements to receive retiree healthcare benefits under the plain language of the Amann Resolution, and as such, plaintiff's promissory estoppel claim fails.

The elements of a promissory estoppel claim are "(1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided." *Cove Creek Condo Ass'n v Vistal Land & Home Dev, LLC*, 330 Mich App 679, 713; 950 NW2d 502 (2019) (quotation marks and citation omitted). The promise giving rise to an actionable claim must be clear and definite. *Bodnar v St John Providence, Inc*, 327 Mich App 203, 227; 933 NW2d 363 (2019). "To determine whether a promise existed, courts must objectively evaluate the circumstances of the transaction, including the parties' words, actions and relationship." *Id*. Moreover, "[t]he doctrine of promissory estoppel must be cautiously applied only where the facts are unquestionable and the wrong to be prevented undoubted." *Id*. (quotation marks and citation omitted).

Plaintiff alleged that defendants promised he would be entitled to healthcare benefits under the Amann Resolution in retirement, that defendants should have reasonably expected this promise to induce action on plaintiff's part regarding his career choices, and that plaintiff did in fact rely on this promise when he retired from his treasurer position, and the injustice to be avoided is plaintiff having to pay for his own health care out-of-pocket. Plaintiff's claim for promissory estoppel, however, depends on his eligibility for those benefits under the Amann Resolution. Although the Resolution has been amended, it specifically maintained the requirement that the individual has "at least a total of eight years of county service" to be eligible for retirement benefits. See Wayne County Resolutions 93-742, 94-903, 2011-512.

The rules governing statutory interpretation are applied to a municipal ordinance. *Detroit Media Group, LLC v Detroit Bd of Zoning Appeals*, 339 Mich App 38, 50; 981 NW2d 88 (2021).

> When interpreting a statute, our primary goal is to give effect to the intent of the Legislature. If the language of a statute is unambiguous, we presume the Legislature intended the meaning expressed in the statute. A statutory provision is ambiguous only if it conflicts irreconcilably with another provision or it is equally susceptible to more than one meaning . . . . When construing a statute, we must assign every word or phrase its plain and ordinary meaning unless the Legislature has provided specific definitions or has used technical terms that have acquired a peculiar and appropriate meaning in the law.

> Similarly, the goal of construction and interpretation of an ordinance is to discern and give effect to the intent of the legislative body. The most reliable evidence of that intent is the language of the ordinance itself, which must be given its plain and ordinary meaning. When the words used in a statute or an ordinance

are clear and unambiguous, they express the intent of the legislative body and must be enforced as written. [*Id*. at 51 (quotation marks and citation omitted).]

Plaintiff previously filed suit against the same defendants in federal district court under 42 USC 1983, alleging defendants denied him the same Amann healthcare benefits he seeks in this case. See *Szymanski v Evans*, 438 F Supp 3d 790, 791 (ED Mich, 2020). The specific issue before the court was whether plaintiff's years of service on the probate court could be considered in determining whether he was eligible for the Amann benefits. *Id*. Plaintiff made the same allegations regarding promises made by Taylor and Wilson, and relied on his paychecks issued by Wayne County. *Id*. at 792. However, the court concluded that "[u]nfortunately for the position advocated by Plaintiff, there is caselaw from the Michigan Supreme Court and Michigan Court of [A]ppeals establishing that Wayne County probate judges are not County employees and therefore that Plaintiff does not have the eight years of 'County service' required to receive benefits under Resolution 2011-512." *Id*. at 794. These cases are *Judicial Attorneys Ass'n v State*, 459 Mich 291, 294; 586 NW2d 894 (1998) (striking down legislation that designated probate court employees as employees of the local county), and *Mullen v Wayne Co*, unpublished per curiam opinion of the Court of Appeals, issued October 23, 2014 (Docket No. 316792); slip op at 4 (holding that the eight-year county-service requirement unambiguous). The court concluded that the fact that Wayne County handled payroll and benefits for the probate court did not render plaintiff an employee of Wayne County. *Szymanski*, 438 F Supp 3d at 796. In dicta, the court stated:

> The Court is likewise unpersuaded by Plaintiff's contractual-estoppel argument that the County must provide him post-employment coverage because it previously told him he was entitled to such benefits. As an initial matter, Plaintiff does not assert a claim for promissory estoppel in his Complaint and cannot now raise that claim in response to Defendant's motion to dismiss. Even were he permitted to raise such a claim outside of his pleading, Plaintiff has not alleged facts asserting that he in fact relied on Defendants' alleged promise that he was entitled to Amann benefits such that the promise must be enforced if injustice is to be avoided. Accordingly, he fails to plead a required element of promissory estoppel. If Plaintiff is attempting to make defensive use of principles of estoppel rather than to assert a new claim for promissory estoppel, he has not provided legal support that convinces the Court he is permitted to do so in this context. [*Id*. at 796-797 (quotation marks and citations omitted).]

Ultimately, the court granted defendants' motion to dismiss and dismissed plaintiff's claims without prejudice, *id*. at 797, and plaintiff filed this suit in circuit court. Although this federal decision is not binding on this Court, it may be considered for its persuasive value. *Haydaw v Farm Bureau Ins Co*, 332 Mich App 719, 726 & n 5; 957 NW2d 858 (2020).

The district court in *Szymanski* relied on *Mullen*, an unpublished opinion of this Court from 2014. *Mullen*, unpub op at 1. Turkia Mullen[2] worked for Wayne County from September 2003

---

[2] Defendants assert that Mullen's last name was actually spelled "Mullin;" the spelling used in this Court's opinion will be used herein.

to September 2011 as a department director, then took employment with the Wayne County Airport Authority. *Id*. When that employment ended, she sought benefits under the Amann Resolution, which the County denied because she did not meet the years of county-service requirement. *Id*. The County calculated her eligible service at seven years, 11 months, and 26 days. *Id*. at 2. She filed suit for damages and declaratory relief, and the trial court granted the County summary disposition. *Id*. at 1. This Court affirmed, determining that plaintiff did not meet the requirements. *Id*. at 3-5.

Relevant to the appeal at issue, the *Mullen* Court determined that the phrase "eight years of County service" in the Amann Resolution (referring to Resolution 94-903, which was in effect at that time) was unambiguous, no construction was necessary or permitted, and it must be enforced as written. *Id*. at 4. "As the trial court held, . . . the term 'County' clearly refers to Wayne County; and the term 'service' plainly refers to employment with the County. Thus, to be eligible for benefits under Resolution 94-903, a person must have been employed by the County for at least eight years at the time of separation from County employment." *Id*. This Court also held that Mullen's employment with the Airport Authority did not count as "county service" because the Airport Authority was a separate entity from the County. *Id*. Thus, this Court concluded that Mullen was not entitled to Amann benefits and affirmed summary disposition in the County's favor. *Id*. at 5.[3]

We discern no reason to depart from the reasoning and statutory interpretation provided in *Mullen*. Although as an unpublished opinion it is not binding authority on this Court, MCR 7.215(C)(1), it may still be considered as persuasive or instructive. *Haydaw*, 332 Mich App at 726 n 5. In *Mullen*, this Court held that the term "eight years of County Service" in the Amann Resolution was unambiguous, and plainly required eight years of county employment to be eligible. *Mullen*, unpub op at 4. The same language of the eight-year county-service requirement is present in the current version of the Resolution. Wayne County Resolution 2011-512. Plaintiff only had approximately five years of county service from his position as Chief Deputy Treasurer and his county employment in the 1970s. His 19-year tenure as a probate court judge does not qualify as "county service" under the Amann Resolution because probate court judges are state employees. See MCL 600.837(2) ("In a county that is not part of a probate district, the county is the employer of the county-paid employees of the probate court in that county.), MCL 600.837(12) ("As used in this section, 'county-paid employees of the probate court' means persons employed in the probate court in a county who receive any compensation as a direct result of an annual budget appropriation approved by the county board of commissioners of that county, *but does not include a judge of the probate court*.") (emphasis added); see also *Judicial Attorneys Ass'n*, 459 Mich at 294.

Thus, it is clear that plaintiff does not meet the eligibility requirements to receive Amann benefits in retirement. As a result, there is no genuine issue of material fact that his claim for promissory estoppel fails as defendants could not promise plaintiff he would receive benefits that he was not legally entitled to under the plain language of the Resolution. Therefore, the trial court

---

[3] Judge Jansen filed a concurring opinion in *Mullen*, concurring in the result only. *Id*. (JANSEN, J., concurring).

properly denied plaintiff summary disposition under MCR 2.116(C)(10) and summary disposition in favor of defendants under MCR 2.116(I)(2) was proper.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen